■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. FARRARO, Appellant.—Judgment unanimously reversed on the law, defendant's motion to suppress granted in accordance with memorandum herein and new trial granted. Memorandum: Defendant was convicted of robbery in the second degree and grand larceny in the third degree in connection with the armed holdup of a clerk of a convenience store. He contends on appeal that evidence of a police station showup was improperly admitted at trial. We agree, and thus we grant defendant's motion to suppress that evidence and order a new trial.

Within 25 minutes of the commission of the crime, defendant and his accomplice were apprehended by police in downtown Rochester and transported to the Public Safety Building. Approximately 15 minutes later, the store clerk was brought to the Public Safety Building and was told that two suspects had been apprehended. The clerk was instructed to look into an office and see if she "recognized anyone". Defendant, who was not handcuffed, was seated next to a plain-clothes police officer. Defendant and the officer were close in age, each had a mustache, and both wore blue jeans. The clerk identified defendant as the perpetrator, and she testified at trial to that identification.

The Court of Appeals has said that "[u]nreliability of the most extreme kind infects showup identifications of arrested persons held at police stations, and the evidence will be inadmissible as a matter of law unless exigency warrants otherwise" *(People v Riley,* 70 NY2d 523, 529). When the police conduct a precinct house showup, the People have a dual burden. They must show "the emergent need to conduct a showup in a precinct at all" *(People v Riley, supra,* at 531) and must demonstrate that the identification was "free of both the basic unreliable suggestiveness and of exacerbating exploitation" *(People v Riley, supra,* at 531).

Here, the People made no claim of exigency warranting a police station showup, and no effort was made to justify the failure to conduct a lineup *(see, People v Riley, supra,* at 530). While the circumstances of the showup were not exploitive, the People nevertheless failed to overcome the locational impediment, and they "may not resort to precious parsing and fact patterns differentiations" *(People v Riley, supra,* at 530) to satisfy that burden.

The store clerk did not testify at the suppression hearing and thus no finding was made regarding an independent source for her in-court identification. Since defendant has specifically requested a new independent-source *Wade (United States v Wade,* 388 US 218) hearing, that relief is also granted. (Appeal from judgment of Monroe County Court, Celli, J.—robbery, second degree; grand larceny, third degree.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.